UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BLAES, | ) |
| Plaintiff, | ) No. 4:14-CV-213 RLW |
| v. | ) |
| JOHNSON & JOHNSON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Motion to Dismiss Plaintiff's Conspiracy and "Concert of Action" Claims (ECF No 27) and Defendant Imerys Talc America, Inc. f/k/a Luzenac America, Inc.'s Motion to Dismiss Plaintiff's Concert of Action and Conspiracy Claims (ECF No. 36). These matters are fully briefed and ready for disposition.

## BACKGROUND

Ms. Blaes was diagnosed with ovarian cancer in October 2008 and died as a result of her cancer on January 12, 2011. (Petition (hereinafter "Complaint"), ECF No. 6, ¶¶2, 25). Plaintiff alleged that Ms. Blaes used Johnson & Johnson's Baby Powder and Shower to Shower products on her perineal area from 1972 to 2011. Plaintiff alleges that the Johnson & Johnson products caused Ms. Blaes' ovarian cancer. (Complaint, ¶¶1, 23).

Plaintiff filed this lawsuit against Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc.,[1] Imerys Talc America, Inc. f/k/a Luzenac America, Inc. ("Imerys") (Johnson &

---

[1] Hereinafter, the Court refers to Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. as "the Johnson & Johnson defendants."

Johnson's talc supplier), Personal Care Products Council f/k/a Cosmetic, Toiletry, and Fragrance Association (a trade organization), and Walgreens Co. and Schnucks[2] (retailers where Ms. Blaes purchased Johnson & Johnson's products). In the Complaint, Plaintiff asserted claims for strict liability failure to warn and negligence (Counts I-IV), breach of express warranties (Count V), breach of implied warranties (Count VI), conspiracy (Count VII), and concert of action (Count VI). On September 30, 2014, the Court granted Plaintiff's motion to voluntarily dismiss defendants Schnucks Markets, Inc. and Walgreen Co. (ECF No. 72). On November 10, 2014, the Court granted Plaintiff's Motion to Voluntarily Dismiss Personal Care Products Council without prejudice. (ECF No. 88).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

[2] The Court collectively refers to Schnucks, Inc., Schnucks Supermarkets, Inc., Schnucks Food & Drugs, Inc., and Schnuck Super Centers, Inc. as "Schnucks."

*Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

The Eighth Circuit has outlined the heightened pleading standard for fraud claims under Rule 9(b):

> Under Rule 9(b), "the circumstances constituting fraud ... shall be stated with particularity." Rule 9(b)'s "particularity requirement demands a higher degree of notice than that required for other claims," and "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir.2003) (citing *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920–21 (8th Cir.2001)). To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. *See, e.g., Corsello*, 428 F.3d at 1012; *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir.2002). Put another way, the complaint must identify the "who, what, where, when, and how" of the alleged fraud. *Costner*, 317 F.3d at 888 (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir.1997)).

*U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006).

## DISCUSSION

### I. Conspiracy

To demonstrate a civil conspiracy existed, a plaintiff must show: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) [plaintiff] was thereby damaged." *W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 22 (Mo. 2012)(citing *Oak Bluff Partners, Inc. v. Meyer*, 3 S.W.3d 777, 781 (Mo. banc 1999)).

The Johnson & Johnson defendants and Imerys (collectively, "Defendants") maintain that Plaintiff fails to meet the pleading requirements to state a cause of action for conspiracy. Defendants contend that Plaintiff fails to identify the unspecified "Defendants" that engaged in

the conspiracy and the role of each, individual defendant in the conspiracy. (ECF No. 28 at 5-6). Defendants contend that Plaintiff only allege that "Defendants" deprived Plaintiff of "the opportunity of informed free choice," "withheld, concealed, and suppressed medical information," and engaged in "false and fraudulent representations, omissions, and concealments," regarding "the nature of the products." (Complaint, ¶¶76-79). In addition, Defendants state that Plaintiff fails to allege any facts to support his allegation that Defendants engaged in a conspiracy. (ECF No. 28 at 6-7). Finally, to the extent that Plaintiff is alleging fraud, Defendants argue that Plaintiff has not pleaded these allegations with particularity, as required under Rule 9(b). (ECF No. 28 at 7-8).

In response, Plaintiff states that he has not merely alleged that Defendants' conduct was parallel, but that the Defendants were "working together to perform wrongful and tortious acts." (ECF No. 34 at 3). Plaintiff points out that he alleged that all Defendants "knowingly agreed, contrived, combined, confederated and conspired amongst themselves" to commit the "wrongs by willfully misrepresenting and suppressing the truth…' regarding the danger of the product at issue." (ECF No. 34 at 4 (citing Complaint, ¶¶75-76)). Plaintiff also states that he alleged overt actions of Johnson & Johnson and Imerys as "primary actors and contributors of the [Personal Care Products Counsel's Talc Interested Party Task Force] TIPTF." (ECF No. 34 at 4 (citing Complaint, ¶30)). Plaintiff points out that he has alleged that Johnson & Johnson and Imerys Talc worked to "pool resources" to "collectively defend talc use at all costs and to prevent regulation of any type" through "biased research" they funded and then promulgated through "scientific reports." *Id.* Plaintiff alleged that the TIPTF then "knowingly released false information about the safety of talc to the consuming public, and used political and economic influence on regulatory bodies of talc." *Id.*

The Court holds that Plaintiff alleges the elements of an action for conspiracy. Plaintiff alleges that the Johnson & Johnson defendants and Imerys helped to form the TIPTF with the illegal objective of preventing consumers from learning about the potentially harmful effects of talc use. (Complaint, ¶¶30, 76-77). The Court finds that Plaintiff has sufficiently alleged, even under the heightened pleading standards of Rule 9(b), specific actions by both the Johnson defendants and Imerys in furtherance of the conspiracy, which injured Ms. Blaes. The Court denies Defendants' Motions to Dismiss as to Count V.

## II. Concert of Action

"The concert of action theory imposes liability upon 'all those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit....'" *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 245 (Mo. 1984)(citing Prosser, Law of Torts § 46, at 292 (4th ed. 1971). Restatement (Second) of Torts § 876 (1977)).

Defendants argue that the *Zafft* Court, as well as other courts following *Zafft*, has held that there is no concert of action claim in a product liability context. (ECF No. 28 at 2-3; ECF No. 37 at 2) *see also Richardson v. Holland*, 741 S.W.2d 751, 754 (Mo. Ct. App. 1987).

In response, Plaintiff contends that the Missouri Supreme Court recognized concert of action as a viable theory in *Zafft v. Eli Lilly & Co.* (ECF No. 34 at 2-3)(citing *Shelter Mut. Ins. Co. v. White*, 930 S.W.2d 1, 3 (Mo. Ct. App. 1996)(noting that "[t]he [Zafft] court enunciated the doctrine of § 876 without criticism").

The Court holds that the Missouri Supreme Court in *Zafft* rejected the theory of a concert of action theory separate from a conspiracy claim. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 246

(Mo. 1984); *Jo Ann Howard & Associates, P.C. v. Cassity*, No. 4:09CV01252 ERW, 2012 WL 3984486, at *10 (E.D. Mo. Sept. 11, 2012)(predicting that the Missouri Supreme Court would decline to adopt any theory of liability under Section 876(b) or 876(c) of the Restatement of Torts because "the only civil conspiracy doctrine recognized and applied in Missouri is the theory described in § 876(a)"); *Bradley v. Ray*, 904 S.W.2d 302, 315 (Mo. Ct. App. 1995)(noting no Missouri case which recognizes a claim for aiding and abetting in the commission of a tort).[3] Rather, concert of action is one element of a conspiracy claim. *See Anderson v. Douglas Cnty.*, 4 F.3d 574, 578 (8th Cir. 1993)("To prove conspiracy, a party must specifically present facts tending to show agreement and concerted action."). Therefore, the Court holds that Plaintiff's concert of action claim in Count VI fails as a matter of law and is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Motion to Dismiss Plaintiff's Conspiracy and "Concert of Action" Claims (ECF No 27) and Defendant Imerys Talc America, Inc. f/k/a Luzenac America, Inc.'s Motion to Dismiss Plaintiff's Concert of Action and Conspiracy Claims (ECF No. 36) are **GRANTED**, in part, and **DENIED**, in part. Plaintiff's concert of action claim in Count VI is **DISMISSED**.

---

[3] Section 876 of the Restatement (Second) of Torts provides:
For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Dated this 4th day of December, 2014.

                                       */s/ Ronnie L. White*
                                       **RONNIE L. WHITE**
                                       **UNITED STATES DISTRICT JUDGE**