# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL BLAES, | ) )  ) ) |
| Plaintiff, | ) No. 4:14-CV-213 RLW ) |
| v. | ) ) ) |
| JOHNSON & JOHNSON, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion to Compel Entry Upon Land ("Motion to Compel"; ECF No. 91). This matter is fully briefed and ready for disposition.

## BACKGROUND

In this case, Plaintiff alleges that his wife, Shaun Blaes ("the decedent"), developed ovarian cancer as a result of applying talcum powder to her genital area for almost thirty years. (Plaintiff's Petition, ECF No. 6, ¶¶1, 23)). Plaintiff alleges that the Defendants did not warn about an ovarian cancer risk associated with consumer talc cosmetic powders when the products are applied to the genital region. (Petition, ¶¶41, 47, 48, 49 (discussing application of talcum powder to perineal area)). Plaintiff alleges that Johnson & Johnson manufactured and sold talc cosmetic powders to the decedent, and that Imerys, a bulk supplier, supplied the talc that Johnson & Johnson used in the talc cosmetic powders. (Petition, ¶¶4-5, 7, 41, 43).

## STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 26(b)(1), the parties are entitled to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Rule 34(a)(2) provides that "[a] party may serve on any other party a request within

the scope of Rule 26(b) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."

## DISCUSSION

On January 13, 2015, Plaintiff served his Rule 34(a)2 request on the Johnson & Johnson Defendants, asking that they "permit Plaintiff enter onto the premises where the Johnson & Johnson Defendants received their supply of talc used in making Johnson's Baby Powder and Shower to Shower at the time said supply of talc is being delivered in order to inspect, photograph and video the delivery process and the manufacturing process of Johnson's Baby Powder and Shower to Shower." (ECF No. 91-1). On January 13, 2015, Plaintiff served his Rule 34(a)(2) request on Defendant Imerys, asking it "permit Plaintiff enter onto the premises where the talc supplied to the Johnson & Johnson [Defendants] is processed and prepared for distribution in order to inspect, photograph and video the said process." (ECF No. 91-2).

In response, Defendants first claims that Plaintiff's request for entry upon land fails to comply with the reasonable specificity and particularity requirements of Rule 34, including the particular item or category of items to be inspected as well as the time, place, and manner for the inspection. (ECF No. 94 at 3-4). In addition, Defendants maintain that Plaintiff's Rule 34 request does not seek information that is relevant or reasonably calculated to the lead to the discovery of admissible evidence. Defendants claim that occupational standards and protections provided to workers who handle talc are irrelevant to the instant action. (ECF No. 94 at 8). Likewise, Plaintiff has not alleged any manufacturing claims so documenting the manufacturing process is not relevant to Plaintiff's wrongful death claims. (ECF No. 94 at 10). Furthermore, the product at issue in the wrongful death claim is the ultimate product manufactured by Johnson

& Johnson, not the raw talc. (ECF No. 94 at 11). Defendants also contend that inspection is not necessary to learn the contents of information provided by Imerys to Johnson & Johnson because such information can be obtained through less burdensome means and has already been requested through interrogatories and requests for production of documents. (ECF No. 93 at 8; ECF No. 94 at 9). In addition, Imerys has already provided Material Safety Data Sheet forms to Plaintiff's counsel pursuant to litigation in the Missouri state court case. (ECF No. 94 at 9). Finally, Defendants assert that the burden of an inspection is outweighed by any potential benefit. (ECF No. 94 at 12-13). Talc is manufactured at Imerys' Houston facility. The facility overseen by the Mine Safety and Health Administration, which sets guidelines regarding visitors' inspection of the plant. Defendants maintain that the manufacturing equipment utilized Imerys' Houston facility is "proprietary and highly classified," and an inspection would pose a significant risk to Imerys' trade secrets.

The Court agrees that Plaintiff's Rule 34 request seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's allegations stem from a wrongful death as a result of the decedent's use of a product on her perineal area. These allegations have little to do with workplace protections or manufacturing protocol. *See Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978); *DUSA Pharm., Inc. v. New England Compounding Pharmacy, Inc.*, 232 F.R.D. 153, 154 (D. Mass. 2005)(denying motion to compel inspection where "alternative and reasonably adequate methods of discovery are available to plaintiffs"). Likewise, the Court believes that any relevant information can obtained through less burdensome means, including discovery requests and deposition testimony.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Entry Upon Land (ECF No. 91) is **DENIED**.

Dated this 2nd day of April, 2015.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**