UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BLAES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14CV213 RLW |
| | ) |
| JOHNSON & JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Johnson & Johnson Consumer Companies, Inc., and Imerys Talc America, Inc.'s Motion to Strike Plaintiff's Expert Dr. Graham A. Colditz (ECF No. 116). This matter is fully briefed and ready for disposition.

## DISCUSSION

This Court's Case Management Order provides that "Plaintiff shall disclose all expert witnesses and shall provide the reports . . . no later than April 17, 2015, and shall make expert witnesses available for depositions, and have depositions completed, no later than June 12, 2015." Defendants made their expert disclosures, in accordance with the time limit set in the Case Management Order, on July 17, 2015. On August 14, 2015, Plaintiff disclosed Dr. Graham A. Colditz as a rebuttal expert, as well as his report. Defendants have moved to strike Dr. Colditz as an expert because his disclosure and report were untimely under the Court's Case Management Order, which does not provide for rebuttal experts. (ECF No. 116).

Blaes argues that he complied with Rule 26(a)(2)(D), as he identified Dr. Colditz as a rebuttal expert within 30 days of Defendants' expert disclosures. (ECF No. 118 at 1). Blaes further argues that it is "certainly within the Court's discretion to admit Dr. Colditz's rebuttal

1

report and opinions." (ECF No. 118 at 4).

This Court holds that Blaes' rebuttal expert disclosure of Dr. Colditz was not timely. Where a court issues a scheduling order that provides a deadline for expert disclosures, but does not expressly permit disclosure of rebuttal experts by plaintiff to the third-party defendant's report, the 30–day disclosure deadline for rebuttal reports in Rule 26(a)(2)(D) does not apply. *See Eckelkamp v. Beste,* 315 F.3d 863, 872 (8th Cir.2002); *Bachtel v. Taser Int'l, Inc.*, No. 2:11CV69 JCH, 2012 WL 5308052, at *2 (E.D. Mo. Oct. 29, 2012); *Masler v. Marshall Fields*, No. CIV. 06-4917PAMJSM, 2007 WL 6815352, at *3 (D. Minn. Dec. 21, 2007); *see also IBM v. Fasco Ind., Inc.*, C–93–20326, 1995 WL 115421 at *2 (N.D. Cal. 1995); *Akeva, L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D. N.C. 2002). The Eighth Circuit has also noted "[e]ven if plaintiffs did not have all the data needed to produce a timely rebuttal report, they knew one was needed and could have moved for leave to file much earlier." *Eckelkamp*, 315 F.3d at 872. Blaes has not demonstrated good cause to explain why he never moved to amend the scheduling order to allow him to have an opportunity to issue a rebuttal report, nor has he offered any explanation as to why he did not seek to amend the Case Management Order. This Court's case order set its management requirements and did not provide for rebuttal experts, and the Court is entitled to hold the parties to that order. *Eckelkamp*, 315 F.3d at 872.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Johnson & Johnson Consumer Companies, Inc., and Imerys Talc America, Inc.'s Motion to Strike Plaintiff's Expert Dr. Graham A. Colditz (ECF No. 116) is **GRANTED**. Dr. Colditz is STRICKEN as an expert witness.

Dated this 20th day of January, 2016.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE