UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BLAES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14CV213 RLW |
| JOHNSON & JOHNSON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., and Imerys Talc America, Inc.'s Motion to Strike the Expert Dr. Nishan Chobanian (ECF No. 125). This matter is fully briefed and ready for disposition.

## DISCUSSION

Defendants have moved to strike Dr. Chobanian as an expert because his disclosure failed to comply with the requirements of Rule 26. (ECF No. 125). Defendants note that Dr. Chobanian never determined that the cause of Ms. Blaes's ovarian cancer was her use of cosmetic talc powders while he was treating her. Rather, Dr. Chobanian developed this causation opinion four years after Ms. Blaes's death at the prompting of Plaintiff's counsel and without preparing a Rule 26(a)(2) expert disclosure and report. (ECF No. 126).

Plaintiff argues that he complied with Rule 26 because Dr. Chobanian was a treating expert, not a retained expert. (ECF No. 178). Plaintiff notes that he did not learn that Dr. Chobanian intended to offer causation opinions until the Friday before Dr. Chobanian's deposition that was scheduled about 72 hours later. Prior to Dr. Chobanian's deposition, Plaintiff amended his expert disclosure to confirm that Dr. Chobanian would offer general and specific causation

1

opinions and to update the materials he had been provided (to include the report of Plaintiff's pathologist, Dr. John Godleski). Plaintiff concludes that his failure to provide a report was "substantially justified" and the lack of a report was "harmless given Defendants' counsel's exploration of same in deposition contrasted with when Plaintiff's counsel actually became aware of Dr. Chobanian's opinions." (ECF No. 178 at 2). Plaintiff also argues that the 2010 amendment to the Federal Rules of Civil Procedure made clear that the amendment was intended to address the concern that courts were expanding the requirements of Rule 26(a)(2)(B) to non-retained experts, specifically treating physicians, to the prejudice of plaintiffs. (ECF No. 178 at 8). Plaintiff claims that the 2010 Advisory Committee position "expressly exempts 'treating physicians' from the rigid reporting requirements of Rule 26(a)(2)(B)." (ECF No. 178 at 10).

This Court holds that Dr. Chobanian cannot provide expert testimony regarding the cause of Ms. Blaes's ovarian cancer because he has not satisfied the requirements of Rule 26(a)(2). Plaintiff improperly disclosed Dr. Chobanian as a "non-retained" expert and failed to provide a report or complete list of materials he reviewed. *See Brooks v. Union Pac. R. Co.*, 620 F.3d 896, 900 (8th Cir. 2010) (citing *Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 1207 (8th Cir. 2000) ("A treating physician's expert opinion on causation is subject to the same standards of scientific reliability that govern the expert opinions of physicians hired solely for purposes of litigation.")). Dr. Chobanian's testimony is clearly expert opinion that was developed outside of his treatment of Ms. Blaes's cancer. Dr. Chobanian has been compensated for his preparation time and testimony by Plaintiff. This Court's requirements specifically detail that if health care "providers are testifying as to causation ... the provider should provide a report and comply with all requirements of Rule 26(a)(2)(B)." *See* Judge Ronnie White's Requirements, http://www.moed.uscourts.gov/sites/default/files/rlw.pdf. The Court expressly declines to exercise its discretion to allow Dr. Chobanian to testify regarding the cause of Ms. Blaes's ovarian

2

cancer. The Court finds that Defendants were prejudiced at Dr. Chobanian's deposition because they were unaware of the scope of the materials that were provided to Dr. Chobanian, Dr. Chobanian's meetings with Plaintiff's counsel, and the extent or specifics of Dr. Chobanian's expert causation opinions. Further, the Court holds that any prejudice to Plaintiff is minimal, given the number of other experts Plaintiff has designated will testify as to causation. Finally, the Court holds that the 2010 amendments are irrelevant to this issue because they did not alter the language of Rule 26(a)(2)(B) and had no impact regarding which experts are covered by Rule 26(a)(2)(B). Because this Court has determined that Dr. Chobanian is acting as a retained expert, the Court holds that the Rule 26 amendment does not change the Court's analysis.[1] In sum, the Court strike's Dr. Chobanian's testimony regarding causation because he failed to follow the requirements of Rule 26.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., and Imerys Talc America, Inc.'s Motion to Strike the Expert Dr. Nishan Chobanian (ECF No. 125) is **GRANTED**. Dr. Chobanian's testimony regarding causation is **STRICKEN**.

Dated this 9th day of February, 2016.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Even if Plaintiff's counsel had been uncertain regarding the impact of the 2010 amendments, this Court made clear in its requirements that Dr. Chobanian would have to provide an expert report.

3